Taliaferro, J:
The plaintiffs sue on a fire policy taken out by them on a stock of goods belonging to one J. Marks then keeping a store at Meridian, Mississippi, and selling such goods as are usually kept in country stores. This insurance was made subject to wbat is called “the three-fourths country clause.” The plaintiffs allege in their petition “ that at the time of effecting said insurance and taking out said policy on the stock of trade therein mentioned, your petitioners had an insurable interest in said property, and that they were also the *410 agents of J. Marks, the party therein mentioned, and took out said policy for the purpose of covering their own interest as well as the interest of their said principal.”
The-defendants deny the allegations contained in the plaintiffs’ petition, except the execution of the policy of insurance, and specially aver that the policy is null and void by reason of the violation by the plaintiffs of the clause or warranty that “if the said insured or their assigns shall hereafter make any other insurance on the same property, and shall not within all reasonable diligence give notice thereof to this corporation and have the same indorsed on this instrument or otherwise acknowledged by them in writing, this policy shall cease and be of no effect.” The defendants aver that in violation of this clause in'the policy the plaintiffs did, on the twelfth of September, 1870, insure in the New Orleans Mutual Insurance Association the same property without having given notice thereof to the defendants, who did not cause any indorsement to be written on the said policy, and never made any acknowledgment of the same in any manner; that the policy issued by them became therefore null and without effect. The plaintiffs, had judgment in their favor for $3099 69 with legal interest from second September, 1871, until paid. The defendants appealed. Frank & Haas, another commercial firm, took out on the same day, twelfth September, 1870, a policy of insurance to the amount of four thousand dollars on the same stock of good3 from the New Orleans Mutual Insurance Association, the same being effected,' as it seems, through J. Marks as their agent. The policy recites that “the New Orleans Mutual Insurance Association * * * do insure Frank & Haas, account of J. Marks, agent.” After the ñre occurred and the loss was established, this company paid the amount of the insurance, and the receipt of the money written across the face of the policy is signed J. Marks, agent.
The defense in this case is placed solely on the ground that a double insurance was made by the plaintiffs without notice to the defendants. The counsel of the defendant objects that Roos & Company have not set out in their petition the value and amount of their interest in the property insured. This is answered by the plaintiffs that an insurable interest in them not being denied in their pleadings and not being put at issue, they were not required to set out the value and amount of that interest. In the case of Kathman v. The General Mutual Insurance Company, 12 An. 35, and in that of Kennedy v. New York Life Insurance Company, 10 An. 809, it was settled, after a very elaborate examination of the subject, that in an action on a valued policy of insurance the plaintiff is not put on proof of his interest in the object insured by a plea of the general issue.
*411 However this may be, the evidence clearly shows an insurable interest in the plaintiffs. They furnished Marks with goods, and, upon their credit and responsibility enabled him to obtain goods from others and subsequently paid for them. The plaintiffs’ sole reliance as it seems, for payment, rested upon the fidelity and success of Marks in business. The danger of loss by the destruction of the store and Marks’ stock of goods on hand constituted in our opinion a sufficient interest in the plaintiffs to sustain the policy.
The plea that the policy became void by the plaintiffs’ taking insurance on the same property in the office of the New Orleans Mutual Insurance Association without notice to the defendants is not tenable. The plaintiffs took no insurance from that company. An insurance was taken from it on the same property, but in the interest of a different party. Roos & Co. had no interest in that insurance. Prank & Haas were the insured parties in that case.' The money paid on that policy was paid to them. Marks, it seems clear, had no interest or rights under either policy. In the case of Prank & Haas he acted as their agent. In the case of Roos & Co. the policy shows that they were the only parties insured. Therefore the objection that the interest of Marks in that policy was transferred to plaintiffs is without weight. Marks had no interest under that policy to transfer. The act of- transfer amounted to nothing. The loss was fully established, and we conclude from the entire evidence that the decree of the lower court was properly rendered.
Judgment affirmed.
Rehearing refused.
Justices Howell and Morgan dissent in this case.